The Honorable Greg Rogers Colorado State Representative State Capitol Building Denver, CO 80203
Dear Representative Rogers:
I am writing in response to your request for a legal opinion concerning the availability of an appropriation made in the 1982-83 Long Bill intended for use by the Denver Public Library.
QUESTION PRESENTED AND CONCLUSION
Whether a Long Bill appropriation was intended by the general assembly to be available for use by the Denver Public Library only when all library access fees have been eliminated for residents of metropolitan area counties.
 It is my opinion that footnote 18 of the 1982 Long Bill expresses a legislative intent that general fund moneys be available for use by the Denver Public Library on a matching basis with moneys appropriated by metropolitan area governments for use by the library. The general assembly intended that the state appropriation be available when the library eliminates access fees for residents of those metropolitan counties which agree to participate by appropriating county moneys. Access fees may continue to be charged to residents of nonparticipating counties, but such fees may not be counted towards the matching requirement.
ANALYSIS
Contained in the 1982-83 Long Bill is an appropriation to the Department of Education of $887,500 for the Colorado Reference Center. 1982 Sess. Laws ch. 1 at p. 15. This appropriation contains a reference to footnote 18 to the Long Bill which states as follows:
 18/ Department of Education, Library Administration, Colorado Reference Center — It is the intent of the General Assembly that $310,000 of this appropriation fund out-state use of the Denver Public Library, including interlibrary loan, phone reference, and walk-in access. $288,750 is intended to be a one-time appropriation to be matched with $288,750 from metropolitan area governments for walk-in reference service. The state contribution shall be reduced by the same amount as any reduction in the county share. Inherent in the appropriation is the assumption that a permanent solution to equitable funding of Colorado Reference Center services will be developed by the metropolitan area governments. It is further the intent of the General Assembly that the state sign a contract for services with the Denver Public Library by October 1, 1982. The State will obtain written commitments from suburban metropolitan counties for participation by October 1, 1982, and upon such date the Denver Public Library shall eliminate all current fees for library users from such counties or districts. The General Fund appropriation becomes available when the fees are removed. Actual matching funds will be appropriated by local entities as of January 1, 1983. The Department of Education is responsible for publicizing the October 1, 1982, commitments, as they affect suburban library users, by October 15, 1982.
1982 Sess. Laws ch. 1 at p. 66.
It is my understanding that one or more suburban metropolitan counties have asked the Denver Public Library to continue to collect library access fees from residents of those counties in lieu of appropriating moneys as their share of the match required of the metropolitan area governments. These requests raise the question whether the general assembly intended in footnote 18 that this appropriation for the Denver Public Library be available only if all access fees are eliminated.
Footnote 18 is phrased as a statement of legislative intent to guide the use of the appropriated moneys rather than as a statement of substantive legal requirements. The Long Bill constitutionally may contain only appropriations and not substantive legislation. Colorado Constitution, art. V, § 32.
To construe the legislative intent in making this appropriation it is necessary to consider footnote 18 in its entirety. The legislature expressly provided for an appropriation for walk-in reference service at the Denver Public Library of $288,750 from the general fund, conditional upon a match of $288,750 from metropolitan area governments. The state general fund contribution is to be reduced proportionately if matching funds from metropolitan area governments are less than $288,750. Footnote 18 further provides that suburban metropolitan counties must make written commitments to participate by October 1, 1982 and that actual matching funds must be appropriated by local entities as of January 1, 1983.
It is evident from these provisions that the general assembly intended that only moneys appropriated by local entities would count as matching funds. If such appropriations fall short of $288,750, the state contribution is to be reduced. Consequently if the Denver Public Library were to continue to charge library access fees from residents of certain metropolitan counties, those fees could not be considered in computing the matching funds required from metropolitan area governments. The general assembly may properly require that an appropriation of state moneys be reduced in proportion to reductions in matching moneys received from other sources. See Anderson v.Lamm, 195 Colo. 437, 579 P.2d 610 (1978).
In this context, it is necessary to consider the intent behind the following language in footnote 18:
 The State will obtain written commitments from suburban metropolitan counties for participation by October 1, 1982, and upon such date the Denver Public Library shall eliminate all current fees for library users from such counties or districts. The General Fund appropriation becomes available, when the fees are removed.
This language does not express an intent that all suburban metropolitan counties must participate. As to those that do make written commitments to participate, however, the general assembly intended that library access fees were to be eliminated before the state appropriation would be available. As to those counties which do not participate, the footnote is silent. There is no intent that the Denver Public Library be precluded from charging access fees to residents of non-participating counties. Nonetheless, as discussed above, such fees would not be considered as part of the required match of local government moneys.
SUMMARY
Considered in its entirety, footnote 18 expresses a legislative intent that the state and metropolitan area governments jointly appropriate moneys for the use of the Denver Public Library to provide library access to metropolitan area residents without an access fee. The apparent legislative intent was to encourage local government participation by providing for reduction of the state share if the matching requirement were not met. No intent was expressed in the footnote, however, to require all metropolitan counties to participate as a condition of making state moneys available, nor was it required that the Denver Public Library eliminate access fees for residents of metropolitan counties which decline to participate in appropriating funds. Moneys raised by access fees, however, were not intended to be considered part of the local match.
I hope that this opinion answers the questions you have raised. If I can provide additional assistance please do not hesitate to contact me.
Very truly yours,
 J.D. MacFARLANE Attorney General
APPROPRIATIONS PUBLIC FUNDS LIBRARIES COUNTIES
H.B. 1284 (1982)
LEGISLATIVE BRANCH House of Representatives General Assembly
Footnote 18 to the 1982 Long Bill states a legislative intent that a general fund appropriation for use by the Denver Public Library be matched by moneys appropriated by metropolitan counties and that residents of such counties may not be charged a library access fee.